Andrew Gerber
Katelyn Marquez
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
andrew@kgfirm.com
katelyn@kgfirm.com
*Attorneys for Plaintiff Tyrone Wright*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYRONE WRIGHT, | Case No.: 25-cv-888 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DMCA** |
| v. | |
| NEW WORLD DESIGN BUILD, INC., d/b/a NEW WORLD DESIGN BUILDERS/K2 STUDIOS, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Tyrone Wright ("Plaintiff"), by and through his undersigned attorneys, for his complaint against defendant New World Design Build, Inc. d/b/a New World Design Builders/K2 Studios ("New World Design"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the U.S. Copyright Act and violation of the Digital Millenium Copyright Act ("DMCA") brought by Plaintiff, an independent artist, against Defendant New World Design.

2. Plaintiff is one of the most successful and well-regarded street artists in Australia, known for his large-scale portraiture murals and "walkthrough" installations.

1

3. Plaintiff is regularly commissioned by clients to create and install original works of art, including murals.

4. Defendant New World Design is a full-service design firm that provides interior design, architecture, and construction services to clients largely located within the New York City metropolitan area.

5. Defendant New World Design was hired by Hidden Lane, a bar and lounge located in Manhattan's Union Square neighborhood, to design the bar's interior and outdoor garden area.

6. Without obtaining or ever seeking any permission from Plaintiff, Defendant created and installed an unauthorized reproduction of one of Plaintiff's original murals in Hidden Lane's outdoor garden area. The infringing mural was the visual centerpiece of the bar's outdoor garden and a near-identical copy of Plaintiff's original, protected wall mural art piece.

7. Prior to filing this action, Plaintiff notified Defendant of Plaintiff's rights in the original mural. Defendant frustrated Plaintiff's multiple attempts to resolve this matter prior to litigation, leaving Plaintiff no choice but to initiate the instant action against Defendant.

8. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendant's willful copyright infringement and unauthorized display of Plaintiff's work with his copyright management information removed therefrom.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Tyrone Wright is an individual residing in Melbourne, Australia.

10. Mr. Wright is the sole owner of the copyright in the mural at issue. The mural at issue was first published in Australia and is thus entitled to protection pursuant to 17 U.S.C. § 104(b)(2).

11. Defendant New World Design is a corporation registered under the laws of the State of New Jersey and is registered as a foreign corporation under the laws of the State of New York. Defendant's principal place of business is at 261 Madison Avenue, 25th Floor, New York, NY 10016. Defendant owns and operates the website nwdb.nyc, through which it advertises and conducts its business.

12. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

13. This Court has personal jurisdiction over Defendant pursuant to N.Y.C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendant is located in this District, does systematic business in this District with customers located in this District, derives substantial revenue from services rendered in this District, and expects or reasonably should expect its infringing conduct to have consequences in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because Defendant is located here, does regular business here, is subject to personal jurisdiction here, and committed alleged unlawful conduct in this District.

## FACTUAL BACKGROUND

### I. Plaintiff's Original Work

15. Mr. Wright, known professionally as RONE, is one of the most successful and well-regarded street artists in Australia. Mr. Wright is best known for his large-scale portraiture murals and "walkthrough" installations.

16. Mr. Wright is regularly commissioned by clients to create and install original works of art, including murals.

17. In 2015, Mr. Wright completed the untitled mural shown below (the "Original Work") for a private collector in Victoria, Australia. Mr. Wright owns the copyright in the Original Work.



18. The Original Work was first published in Australia and is currently still on display in Australia.

19. Plaintiff's copyright management information is conspicuously placed on the Original Work and in connection with all authorized displays of the Original Work.

II. **Defendant's Willful Copyright Infringement and Violation of the DMCA**

20. Defendant New World Design operates an "all in one" design firm that provides interior design, architecture, and construction services for restaurants, nightclubs, lounges, salons, retail locations, and residences located predominantly in and around the New York City metropolitan area.

21. Defendant New World Design provided such interior design services to its client, Hidden Lane, a New York City bar and lounge located at 129 East 15th Street, New York, NY 10003.

22. As part of these services for Hidden Lane, Defendant created an unauthorized reproduction of the Original Work (the "Infringing Work") and installed it in Hidden Lane's outdoor garden area. In August 2023, Plaintiff became aware that Hidden Lane was displaying the Infringing Work in its outdoor garden, as shown below.



23. The Infringing Work is substantially similar, if not identical to the Original Work. Defendant even installed similar greenery on top of the Infringing Work to copy the display of the Original Work.

24. Following Plaintiff's discovery of the Infringing Work, counsel for Plaintiff promptly notified Hidden Lane. Hidden Lane informed Plaintiff that the Infringing Work was proposed by, created by, and originated with Defendant New World Design.

25. Defendant's infringement of Plaintiff's copyright in the Original Work has been willful. Defendant New World Design never obtained any permission or license from Plaintiff to copy, display, or use the Original Work or any derivative work thereof.

26. Without seeking or obtaining permission from Plaintiff, Defendant created, installed, and displayed a near-identical copy of Plaintiff's Original Work.

27. In the process of unlawfully creating, installing, and displaying the Infringing Work without Plaintiff's consent, permission, or authority, Defendant New World Design intentionally removed Plaintiff's copyright management information from the Infringing Work.

28. Upon information and belief, Defendant removed Plaintiff's copyright management information from the Infringing Work to obfuscate the fact that Plaintiff was the true author and copyright owner of the Original Work.

29. Upon information and belief, Defendant intended that by doing so and by displaying the Infringing Work with Plaintiff's copyright management information removed therefrom, this would facilitate the sale of its design services and conceal the fact that it was infringing Plaintiff's copyright in the Original Work.

30. Prior to the filing of this lawsuit, Plaintiff engaged in good faith attempts with Defendant New World Design to resolve this matter.

31. In April 2024, Plaintiff notified Defendant of Plaintiff's rights in the Original Work. Yet Defendant's obstinance and refusal to resolve the matter, despite Plaintiff's good faith efforts, has forced Plaintiff to file this action in order to protect the integrity of his artwork and to protect his rights and livelihood.

32. Plaintiff has been damaged by Defendant's unlawful conduct.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq*.**

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above and incorporates them herein by reference.

34. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and owns the exclusive rights and privileges in and to the copyright in the Original Work.

35. Defendant had access to Plaintiff's Original Work, including, without limitation, through viewing the Original Work on Plaintiff's website or social media pages or elsewhere on the Internet.

36. A side-by-side comparison of the Original Work and the Infringing Work is attached hereto as Exhibit A. The comparison makes immediately apparent that the elements, composition, arrangement, layout, rendering, design, and appearance of the Infringing Work are substantially similar, if not nearly identical, to the Original Work.

37. Defendant copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Work without the consent, permission, or authority of Plaintiff.

38. Defendant's conduct constitutes infringement of Plaintiff's copyright and exclusive rights in the Original Work in violation of 17 U.S.C. §§ 106 and 501.

39. Defendant's acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

40. Plaintiff is entitled to actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504.

41. Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from displaying any infringing copies of Plaintiff's copyright Original Work.

## SECOND CLAIM FOR RELIEF
## DISTRIBUTION OF WORK WITH PLAINTIFF'S COPYRIGHT MANAGEMENT INFORMATION REMOVED THEREFROM – 17 U.S.C. § 1202(b)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 above and incorporates them herein by reference.

43. Upon information and belief, Defendant intentionally and knowingly removed Plaintiff's copyright management information from the Infringing Work.

44. Upon information and belief, Defendant intentionally and knowingly displayed the Infringing Work with Plaintiff's copyright management information removed therefrom.

45. Upon information and belief, Defendant knew that Plaintiff was the true author and copyright owner of the Original Work.

46. Upon information and belief, Defendant knowingly removed Plaintiff's copyright management information from the Infringing Work and displayed the Infringing Work with Plaintiff's copyright management information removed therefrom with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

47. Defendant engaged in these activities without the consent or authorization of Plaintiff.

48. Plaintiff has been injured as a result of Defendant's violation of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, damages, costs, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendant from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Work or any elements thereof;

2. For an award of Plaintiff's actual damages in connection with Defendant's willful copyright infringement;

3. For an award of all of Defendant's disgorged profits attributable to Defendant's copyright infringement;

4. For an award of $25,000 per violation of 17 U.S.C. § 1202(b);

5. For an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

6. For interest, including prejudgment interest, on the foregoing sums; and

7. For such other and further legal and equitable relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:   January 30, 2025                           Respectfully Submitted,

                                                    KUSHNIRSKY GERBER PLLC

                                                    By: _____
                                                    Andrew Gerber
                                                    Katelyn Marquez
                                                    27 Union Square West, Suite 301
                                                    New York, NY 10003
                                                    (212) 882-1320
                                                    andrew@kgfirm.com
                                                    katelyn@kgfirm.com
                                                    *Attorneys for Plaintiff Tyrone Wright*

# EXHIBIT A

*Detail of Plaintiff's Original Work*



*Detail of Defendants' Infringing Work*

