UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
TYRONE WRIGHT

                    Plaintiff,

          - against -                          **MEMORANDUM AND ORDER**

NEW WORLD DESIGN BUILD, INC. d/b/a NEW          25 Civ. 00888 (NRB)
WORLD DESIGN BUILDERS/K2 STUDIOS,

                    Defendant.
-------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Plaintiff Tyrone Wright ("plaintiff") brings this lawsuit under the U.S. Copyright Act and the Digital Millenium Copyright Act, alleging that defendant New World Design Build, Inc. ("defendant") infringed upon plaintiff's copyright by creating and installing an unauthorized reproduction of one of plaintiff's works in the outdoor garden area of a bar in New York City.  For the reasons set forth below, the Court concludes that plaintiff's complaint contains allegations sufficient to state a claim to relief that is plausible on its face, and therefore denies defendant's motion to dismiss.

                         BACKGROUND

     A. The Parties

     Plaintiff is an Australian "street artist" known professionally as RONE, who currently resides in Melbourne, Australia.  ECF No. 1 ("Compl.") ¶¶ 9, 15.  He is most prominently

-1-

known for his large-scale portraiture murals and "walkthrough" installations, and he is "regularly commissioned by clients to create and install original works of art, including murals." Id. ¶¶ 15-16.

Defendant operates an "'all in one' design firm that provides interior design, architecture, and construction services for restaurants, nightclubs, lounges, salons, retail locations, and residences located predominantly in and around the New York City metropolitan area." Id. ¶ 20.

**B. The Lawsuit**

According to the allegations in plaintiff's complaint,[1] in 2015, plaintiff was commissioned by a private collector to create and install a mural (the "Original Work") in Australia, where it remains on display today. Id. ¶¶ 16-18. Plaintiff owns the copyright in the Original Work, and plaintiff's copyright management information "is conspicuously placed on the Original Work and in connection with all authorized displays of the Original Work." Id. ¶¶ 17, 19.

On January 30, 2025, plaintiff filed this action. Id. In his complaint, plaintiff alleges that defendant was hired by Hidden Lane, a New York City bar and lounge to provide interior design services. Id. ¶ 21. "As part of [its] services for Hidden Lane,"

---

[1]    At the motion to dismiss stage, we must "accept[] as true all factual allegations" in plaintiff's complaint. Acticon AG v. China N.E. Petrol. Holdings Ltd., 692 F.3d 34, 37 (2d Cir. 2012).

plaintiff alleges that defendant, without "seeking or obtaining permission from plaintiff" created an unauthorized reproduction of the Original Work, which is "substantially similar, if not identical, to the Original work," and "installed it in Hidden Lane's outdoor garden area." Id. ¶¶ 21-23, 26.  The specific date on which the alleged reproduction of the Original Work was installed at Hidden Lane is not noted in plaintiff's complaint, but media coverage cited in defendant's motion shows that the reproduction was installed at least as early as August 3, 2019. ECF No. 17-2 ("Mot." or "Motion") at 11-12.  According to plaintiff's complaint, it was not until August of 2023 that plaintiff became aware of the unauthorized reproduction displayed in Hidden Lane's outdoor garden area.  Id. ¶ 22.

On these facts, plaintiff asserts claims for copyright infringement and distribution of work with plaintiff's copyright management information removed therefrom under the U.S. Copyright Act and the Digital Millenium Copyright Act.  Id. ¶¶ 33-48. Plaintiff seeks: (1) an order permanently restraining and enjoining defendant from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Work or any elements thereof; (2) statutory and other damages; (3) costs and attorneys' fees; and (4) prejudgment interest.  Id. at 9.

On June 20, 2025, defendant filed the instant motion, ECF No. 16, which was subsequently refiled on July 18, 2025, pursuant to

Court Notice, ECF No. 17.  Plaintiff filed an opposition to the motion on July 18, 2025, ECF No. 18 ("Opp."), and the motion was fully briefed on July 25, 2025, ECF No. 19.

**LEGAL STANDARD**

To withstand a motion to dismiss under Rule 12(b)(6), a non-movant's pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the [pleaded] fact[s] . . . allow[] the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged."  Id.  A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor.  Acticon AG v. China N.E. Petrol. Holdings Ltd., 692 F.3d 34, 37 (2d Cir. 2012).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

Affirmative defenses, such as a statute of limitations defense, can appropriately serve as grounds for dismissal.  Indeed, "[d]ismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the

-4-

complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Sewell v. Bernardin, 795 F.3d 337, 339 (2d Cir. 2015) (internal citations and quotation marks omitted).  "However, where there is even 'some doubt' as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds." PK Music Performance, Inc. v. Timberlake, 2018 WL 4759737, at *7 (S.D.N.Y. Sep. 30, 2018) (citing Ortiz v. Cornetta, 867 F.2d 146, 149 (2d Cir. 1989)); Parisienne v. Scripps Media, Inc., 2021 WL 3668084, at *2 (S.D.N.Y. Aug. 17, 2021) (same).

## DISCUSSION

### A. Applicable Law

Defendant moves to dismiss the complaint solely on the ground that plaintiff's claim is time barred.  Mot. at 1 ("The only issue in this motion is when Plaintiff's claim as against Defendant(s) here, accrued.").  As both parties acknowledge, the copyright claims in this lawsuit must be brought "within three years after the claim accrued" to be timely.  17 U.S.C. § 507(b); see also Mot. at 1; Opp. at 10.  Plaintiff filed this action on January 30, 2025.  ECF No. 1.  Therefore, this case is time-barred if plaintiff's claims accrued prior to January 30, 2022, three years before the complaint was filed.[2]

---

[2] See Fed R. Civ. P. 6(a); Mot. at 5 ("if the claim against Defendant(s) accrued prior to January 30, 2022, then the claim against the Defendant(s) is time-barred.").

-5-

The Second Circuit, like most other Circuits, follows the discovery rule of accrual for claims of copyright infringement. Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124 (2d Cir. 2014) ("We agree with our sister Circuits" and "conclude that copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement"). Under the discovery rule, "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered the infringement." Michael Grecco Productions, Inc. v. RADesign, Inc., 112 F.4th 144, 150 (2d Cir. 2014) (emphasis in original); Papazian v. Sony Music Entertainment, 2017 WL 4339662, at *3-4 (S.D.N.Y. Sep. 28, 2017).

Defendant acknowledges that "[p]laintiff has alleged in the Complaint, which at this stage the Court must accept as true, that he 'became aware' of the allegedly infringing conduct in August 2023." Mot. at 1 (citing Compl. ¶ 22). Thus, the question of whether plaintiff in fact discovered the alleged infringement prior to January 30, 2022, must, at this stage, be answered with a "no." Defendant's motion is therefore solely concerned "with the second prong of accrual," namely, whether plaintiff should have discovered the infringement with due diligence prior to January 30, 2022. Mot. at 1.

"The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." Masi v. Moguldom

Media Grp. LLC, 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019).
While the second prong of accrual requires due diligence, it is
important to note that Plaintiffs alleging copyright infringement
"do not have a general duty to police their copyrights." PK Music
Performance, Inc., 2018 WL 4759737, at *8 (collecting cases).  Nor
is there a "duty for [plaintiff] to scour the internet to find out
if, anyone was using his [work] without his consent." Masi, 2019
WL 3287819, at *5; see also Maclean Assocs., Inc. v. VM. M. Mercer-
Meidinger-Hansen, Inc., 952 F.2d 769 (3d Cir. 1991) ("the Copyright
Act does not recognize" "a never ending obligation to discover
whether anyone to whom [plaintiff] ever supplied [his work] would
copy it."); Beasley v. John Wiley & Sons, Inc., 56 F. Supp. 3d
937, 946 (N.D. Ill. 2014) ("copyright holders have no general duty
to troll for infringements.").  Defendant concedes as much.  Mot.
at 9 ("it is conceded that there is no general obligation to police
the Internet for possible infringing occurrences").

Further, to show that a copyright claim has accrued through
operation of the due diligence prong of the discovery rule, a
defendant must show that the plaintiff should have known of the
defendant's particular infringement, not merely that the plaintiff
should have been aware of other potential infringements.  Merchant
v. Levy, 92 F.3d 51, 56 (2d Cir. 1996) ("A cause of action [under
the Copyright Act] accrues when a plaintiff knows or has reason to
know of the injury upon which the claim is premised." (emphasis

added)); Psihoyos, 748 F.3d at 125 ("copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement" (emphasis added)).  Thus, "a copyright holder's general diligence or allegations of diligence in seeking out and litigating infringements, alone, are insufficient to make it clear that the holder's particular claims in any given case should have been discovered more than three years before the action's commencement." RADesign, Inc., 112 F.4th at 148 (emphasis in original).  In other words, the fact that a plaintiff may be generally aware that his or her copyright has been infringed by a potential defendant does not amount to accrual as to all claims against all other potential defendants.

Defendant goes to considerable lengths to advocate for, in effect, a change in Second Circuit law that would have us apply the "injury" rule of accrual, under which plaintiff's claim would accrue at the time that the alleged infringement occurred, not when it was discovered or reasonably should have been discovered. Mot. at 5-8.  However, defendant simultaneously concedes that the discovery rule for the accrual of claims "is the current law in the Second Circuit."  Mot. at 8.  Thus, as set forth in the Second Circuit cases cited above, plaintiff's claim did not accrue until he "discover[ed], or with due diligence should have discovered, the infringement[.]"  Psihoyos, 748 F.3d at 124.

-8-

**B. Analysis**

At the outset, it is worth noting that the question of whether plaintiff should have discovered the allegedly infringing activity with the exercise of due diligence appears to this Court to necessarily be a fact-intensive question, involving determinations of what efforts plaintiff made to discover any alleged infringements, what information would have been available to plaintiff prior to January 30, 2022, and other similar questions of fact. See RADesign, Inc., 112 F.4th at 152 ("The date on which a copyright holder, with the exercise of due diligence, would have discovered an infringement—or whether the alleged date of discovery reflected a lack of due diligence—is a fact intensive inquiry"). The fact-intensive nature of this analysis alone would be sufficient reason for the Court to deny defendant's motion. Nonetheless, we will consider defendant's arguments substantively on their merits.

As to the merits of its statute of limitations defense, defendant begins by arguing that "[i]t is absolutely clear that if the 'injury' rule were to be applied, the claims here are time-barred under 17 § [sic] U.S.C. 507(b) as the only act alleged in the Complaint occurred in mid-2019[.]" Mot. at 9. In the next sentence, however, defendant again points out that "this Court is constrained by Psihoyos and must follow the discovery rule." Id.

We can, therefore, quickly dispel of any consideration of the injury rule as it is not the law of this Circuit.

Turning next to the discovery rule, as it must, defendant submits two primary contentions: first, defendant argues that plaintiff should have discovered the alleged information before the accrual cutoff because pictures of the Original Work were widespread on the internet prior to January 30, 2022; and second, defendant argues that plaintiff was put on notice of this claim because the opening of Hidden Lane, including reference of the allegedly infringing work, received media attention "at least as early as August 3, 2019." Mot. at 10-13.

Defendant's first contention misses the mark and is devoid of merit. Defendant primarily bases its position on the existence of two reverse image searches, attached as exhibits 4 and 5 to the Baldini Declaration, "demonstrat[ing] that the image at issue [i.e., the Original Work], appeared [online] at least as early as 2017[.]" Mot. at 11; ECF No. 17-5 ("Baldini Decl."); ECF No. 17-9; ECF No. 17-10. According to Mr. Baldini, the exhibits show the results of searches "for the image at issue in this matter" that Mr. Baldini conducted on April 15, 2025, utilizing "the Google Image search engine" and "the TinEye Image search engine." Baldini Decl. ¶¶ 5-6. Defendant contends that these exhibits show that prior to January 30, 2022, images of the Original Work were "featured prominently on platforms such as Pinterest and

-10-

Instagram, which are globally accessible, including and especially in Australia where the Plaintiff resides." Mot. at 11. "More importantly and significantly," according to defendant, "the dissemination of this particular image appears to have its genesis in a blog post by The Design Files, the self-proclaimed 'Australia's most popular design blog' . . . which post was featuring the Plaintiff's own customer for whom he installed the mural, and which did not include any copyright attribution." Id. As a result, defendant argues, plaintiff was on constructive notice of the alleged infringement prior to January 30, 2022.

Defendant's reliance on these exhibits and, more generally, the existence of images of the Original Work online as early as July 2017, does nothing to show that plaintiff's claims against defendant in this case accrued prior to January 30, 2022. Indeed, the exhibits seem only to speak to two facts: (1) when Mr. Baldini ran reverse image searches for plaintiff's work on April 15, 2025, the results in exhibits 4 and 5 are the results he received; and (2) images of the Original Work existed online as early as July 2017. Neither of these facts have any bearing on whether plaintiff's claims accrued prior to January 30, 2022.

The utility of defendant's exhibits is further weakened by the fact that, as plaintiff's point out, "[t]wo people can run the same search [on a reverse image search platform] and get different results." Opp. at 9 (citing Google Search Help,

-11-

https://support.google.com/websearch/answer/12412910)   (emphasis in original).  Thus, even if plaintiff had run the same reverse image search as Mr. Baldini prior to January 30, 2022, it cannot be said, particularly at the motion to dismiss stage, whether the same results would have been returned, let alone any results that shed light on defendant's alleged infringement in this case.  See Michael Grecco Prods., Inc. v. Ziff Davis, LLC, 830 Fed. App'x 233, 234 (9th Cir. 2020) ("[W]hether the Google reverse image search technology would have captured the images is a question of fact, inappropriate for dismissal at the motion to dismiss stage.").

As discussed above, a claim accrues when a plaintiff should have, with due diligence, discovered a particular infringement by a particular defendant.  Psihoyos, 748 F.3d at 125; RADesign, 112 F.4th at 148.  The existence of images of the Original Work online, and the fact that defendant's counsel was able to locate those images in April 2025, does not lead this Court to the conclusion that plaintiff should have been aware of defendant's allegedly infringing conduct prior to January 30, 2022, and it certainly does not make it "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."  Bernardin, 795 F.3d at 339

(internal citations and quotation marks omitted).  Thus, defendant's first argument is unavailing.[3]

Defendant's second argument is similarly insufficient to dismiss plaintiff's claims.  Defendant argues that not only were pictures of the Original Work generally available online, but specifically, Hidden Lane's opening "was not only advertised by Hidden Lane on its website and social media accounts," but it was also "covered by several media outlets."  Mot. at 11.  The accounts, according to defendant "also **featured** pictures of the space with the work at issue on full display" and included commentary explicitly describing the allegedly infringing work: "[t]he main feature of the outdoor space is a hand painted mural by Eva Buchmuller of a woman's face that has been ingeniously veiled with hanging ivy so that viewed only catch a glimpse of her eyes," and "[t]he space and a reproduction of the mural were also on Hidden Lane's social media accounts and their website."  Id. at 11–12 (emphasis and alterations in the original).

---

[3]    We note that defendant asks this Court to take judicial notice of these reverse image searches.  Mot. at 10.  The request for judicial notice of these exhibits strikes the Court as merely academic.  In light of the discussion above, whether the Court takes judicial notice of these exhibits has no bearing on the outcome of defendant's motion because the facts these exhibits tend to show are unconvincing.  Nonetheless, in light of the variability in the results from reverse image searches, the Court finds that defendant's exhibits 4 and 5 are not facts that are "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and thus declines to take judicial notice of these exhibits.

This argument does not suffice to show that plaintiff's claim accrued prior to January 30, 2022.  Plaintiff does not have a general obligation or duty to police or scour the internet for possible infringements of his work.  Timberlake, 2018 WL 4759737, at *8 ("copyright owners do not have a general duty to police their copyrights."); Masi, 2019 WL 3287819, at *5 (there is no "duty for [plaintiff] to scour the internet to find out if, anyone was using his [work] without his consent."); see also Beasley, 56 F. Supp. 3d at 946 ("copyright holders have no general duty to troll for infringements").  Here, it is undisputed that plaintiff resides in Australia.  Compl. ¶ 9; Mot. at 2-3.  Given that plaintiff resides thousands of miles from New York City, it is unreasonable to expect that plaintiff, even while exercising due diligence, should have discovered the media coverage surrounding the opening of Hidden Lane, one of thousands of bars and nightclubs in New York City, NYC's Nightlife Economy, https://www.nyc.gov/assets/mome/pdf/ESI-NYCEDC-Nightlife-Report-2018.pdf, at 21, and a self-proclaimed "Hidden Gem," Hidden Lane, https://www.hiddenlanebar.com/ (last visited Feb. 4, 2026).  To hold otherwise would be akin to imposing upon plaintiff "a general duty to police [his] copyrights," Timberlake, 2018 WL 4759737, at *8, and require that plaintiff "scour the internet to find out if, anyone was using [his work] without [his] consent," Masi, 2019 WL 3287819, at *5.  This Court will not do so.

This conclusion does not, as defendant suggests, make "the accrual rule [] akin to actual discovery rendering meaningless the statutory language of" 17 U.S.C. § 507(b).  Id. at 12.  Plaintiff could still have been put on constructive notice of his claims without actually discovering the alleged infringement.  If, for example, the news coverage surrounding the opening of Hidden Lane that defendant cites had mentioned plaintiff by name, then perhaps it would be more reasonable to expect that plaintiff should have discovered the news coverage, and thus, the alleged infringement.  However, defendant has pointed to no such facts in this litigation.  Simply put, accepting the allegations in plaintiff's complaint as true, we cannot conclude that plaintiff should have discovered the alleged infringement at issue in this case prior to January 30, 2022.  Plaintiff's allegations are more than sufficient to survive this motion to dismiss.

Finally, defendant points out that "[w]hile somewhat beyond the scope of this motion," plaintiff could bring a claim against Hidden Lane for infringement, which would be subject to different considerations as to the timeliness of plaintiff's complaint.  Mot. at 13-14.  As defendant concedes, any such contention is irrelevant to this Motion.  Plaintiff has not, in this Court, brought an action against Hidden Lane.[4]  At the motion to dismiss stage, this

---

[4]    The Court notes that if plaintiff were to sue Hidden Lane, it is plausible that Hidden Lane would in turn assert a claim against New World for indemnity as the designer of Hidden Lane's outdoor space.  Thus, it is

Court must accept plaintiff's allegation that he "became aware" of the alleged infringement "[i]n August 2023" as true.  Thus, on the pleadings before us, and in the absence of any showing that plaintiff should have known of defendant's particular alleged infringement prior to January 30, 2022, the Court cannot conclude that plaintiff's claims against the defendant here are untimely.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is denied.  Further, a telephonic status conference is hereby scheduled for Tuesday, February 24, 2026, at 12:00 PM.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 17.

Dated:    February 6, 2026
          New York, New York

_____
       NAOMI REICE BUCHWALD
  UNITED STATES DISTRICT JUDGE

---

unclear that the result in this case would differ if Hidden Lane were sued instead of defendant.